

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-20-00003-CR

---

KENNIE LEWIS COOK, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2019F00102

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Justice Rambin

MEMORANDUM OPINION ON REMAND

A Cass County jury convicted Kennie Lewis Cook, Jr., of aggravated sexual assault of a child. Cook was sentenced to forty years' imprisonment, was ordered to pay a $1,000.00 fine, and was assessed court costs of $401.00.

In a prior opinion, we reversed the trial court's judgment and remanded the case for a new trial after sustaining Cook's complaint that the trial court erred by allowing an officer to testify that he believed the child victim.[1] *Cook v. State*, No. 06-20-00003-CR, 2021 WL 4877665, at *1 (Tex. App.—Texarkana Oct. 20, 2021) (mem. op., not designated for publication), *rev'd*, Nos. PD-0850-21, PD-0853-21, PD-0854-21, 2023 WL 152984 (Tex. Crim. App. Jan. 11, 2023). The Texas Court of Criminal Appeals declined to address whether the admission of the officer's testimony was error, but nevertheless found that Cook was unharmed by the officer's testimony. *Cook*, 2023 WL 152984, at *3. As a result, it reversed our opinion and remanded the case to us to "reach the merits of [Cook's] remaining grounds." *Id.* at *6.

Cook argues in his remaining grounds (1) that the jury's verdict is not supported by legally sufficient evidence, (2) that the trial court should have ruled on his *Batson*[2] challenge, (3) that his counsel rendered ineffective assistance by failing to preserve his *Batson* challenge, and (4) that the trial court erred by permitting a witness to testify in violation of Rule 614, the witness sequestration rule. We address these issues in our opinion of this date in Cook's appeal in companion cause number 06-20-00001-CR. For the reasons stated therein, we conclude (1) that legally sufficient evidence supported the jury's verdict of guilt, (2) that, while Cook's

---

[1]Cook also appealed from two additional convictions of aggravated sexual assault of a child in companion cause numbers 06-20-00001-CR and 06-20-00002-CR.

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986).

counsel waived his *Batson* challenge, harm from the alleged ineffective assistance of counsel is not shown, and (3) that the trial court did not abuse its discretion in overruling Cook's Rule 614 objection.

By separate point, Cook also argues that the trial court erred in its assessment of duplicative court costs in this case. The State concedes the point of error, and we agree that duplicative court costs should not have been assessed.

Article 102.073 of the Texas Code of Criminal Procedure states, "In a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The State's allegations of aggravated sexual assault of a child in this case and in companion cause numbers 06-20-00001-CR and 06-20-00002-CR were consolidated for trial. As a result, Cook was convicted of this offense and two other offenses in the same criminal action. Because the same court costs imposed in this case were already assessed against Cook in companion cause number 06-20-00001-CR, we must delete the duplicative court costs in this case.

We modify the clerk's bill of costs and the trial court's judgment by deleting the duplicative court costs of $401.00.[3] As modified, we affirm the trial court's judgment.

                                        Jeff Rambin
                                        Justice

Date Submitted:     February 22, 2023
Date Decided:       March 10, 2023

Do Not Publish

---

[3]This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).